PER CURIAM.
Petitioner, David Langlois, appeals from the trial court’s denial of his petition under Criminal Procedure Rule Number One, F.S.A. ch. 924 Appendix in which he sought to set aside judgments and sentences, after “guilty” pleas, in five robbery cases.
The petitioner asserts several different grounds for relief. They have all been examined and appear to be without merit, and are conclusively refuted by the files *285 and records, except Ms claim that he was “not represented by counsel at sentencing.” The record is silent as to whether his court appointed counsel was present at the time his sentences were imposed, or whether the defendant waived this right.
The time of sentencing is a critical step in criminal procedure, during which a defendant is entitled to have his counsel present. Reader v. State, Fla.App.1964, 168 So.2d 557; Williams v. State, Fla.App. 1964, 165 So.2d 197.
The judgments of conviction previously entered by the trial court are affirmed. Error was committed, however, in sentencing the defendant when his counsel was not present. The cause, therefore, is reversed and remanded for the sole purpose of entering proper sentences, at which time the defendant should he present with his private counsel, if he so chooses; or, in the event he is indigent, the public defender should be present.
It is so ordered.