PER CURIAM.
James H. Thomas takes this appeal from a judgment finding him guilty of one count of burglary and one count of grand larceny. The judgment was entered upon a jury verdict.[1] On this appeal, Thomas urges error upon the denial of his pro se motions (1) for a continuance and (2) for appointment of substitute counsel on the ground that the court-appointed counsel was unprepared to proceed to trial. Our review of the record shows no error in these particulars. The court, in fact, granted a continuance of several days for the purpose of allowing court-appointed counsel to confer with the defendant. There was no contention or showing that this time was inadequate. Cf. Holman v. State, 347 So.2d 832 (Fla. 3d DCA 1977).
Thomas next urges that the trial court erred in denying his request to participate in the trial as co-counsel. He relies on the holding of the United States Supreme Court in Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). He draws from that case an argument that where the court is aware of a defendant’s need for an attorney, but the defendant wishes to proceed as his own attorney, he should not only be given legal counsel to advise and help him, but also should be allowed to run his own defense. We do not infer such a holding from a reading of the Faretta ease. Nevertheless, we have examined this record to determine whether there is any showing that this particular defendant was deprived of a right to participate in his defense. We find an absence of such evidence and a record of a trial judge who showed considerable patience and who attempted to give the defendant every, opportunity to participate in his defense without *1219 unduly disrupting the proceedings. Cf. Thompson v. State, 194 So.2d 649 (Fla. 2d DCA 1967); and see United States v. Bowdach, 561 F.2d 1160 (5th Cir. 1977).
The third and fourth points presented are without merit and do not warrant further discussion. It is sufficient to say that we have examined these points and find no reversible error.
Affirmed.

. In a prior appeal by this defendant, who was found guilty of burglary and grand larceny by a jury, adjudged guilty and sentenced, this court reversed the conviction upon a holding of error when the bailiff gave legal instructions to the jury. See Thomas v. State, 348 So.2d 634 (Fla. 3d DCA 1977).