408 So.2d 766 (1982)
Thomas Allan CARTER, Appellant,
v.
STATE of Florida, Appellee.
No. 81-111.
District Court of Appeal of Florida, Fifth District.
January 13, 1982.
James B. Gibson, Public Defender, and Thomas R. Mott, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
The record discloses an adequate basis for the trial court to have concluded that the appellant voluntarily, knowingly, understandingly and intelligently[1] waived his right to have counsel to represent him *767 at trial. The trial judge satisfied himself that appellant had enough information to make an informed decision and was competent enough to know he was making such a decision. The trial judge is not required to inquire as to an accused's technical legal knowledge and ability or to satisfy himself that the accused is making a wise decision in exercising his right to waive counsel and to defend himself. However, the trial judge was caught in another snare. An accused is entitled to have counsel at every critical stage of a criminal prosecution. Sentencing is such a critical stage.[2] Due process requires that a defendant have counsel at sentencing or that the record show his solvency or valid waiver at that time. The record on appeal, as supplemented, shows that at the sentencing proceeding in this case the trial judge, recalling that appellant had waived counsel for, and represented himself at, trial, merely confirmed his recollection by asking appellant if he had represented himself and, upon receiving an affirmative reply, proceeded with the sentencing. Accordingly the judgment of conviction is affirmed and the sentence is vacated and the cause remanded for inquiry as to appellant's desire for counsel to represent him at sentencing and for resentencing.
JUDGMENT AFFIRMED, SENTENCE VACATED, CAUSE REMANDED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] See Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Fla.R. Crim.P. 3.160(e).
[2] Machwart v. State, 222 So.2d 38 (Fla. 2d DCA 1969); Wingard v. State, 200 So.2d 630 (Fla. 2d DCA 1967); Fulmore v. State, 198 So.2d 101 (Fla. 2d DCA 1967); Langlois v. State, 191 So.2d 284 (Fla. 3d DCA 1966); Reader v. State, 168 So.2d 557 (Fla. 2d DCA 1964); Williams v. State, 165 So.2d 197 (Fla. 2d DCA 1964); Evans v. State, 163 So.2d 520 (Fla. 2d DCA 1964).