438 So.2d 1049 (1983)
Michael Gregory FELTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-160.
District Court of Appeal of Florida, Third District.
October 18, 1983.
Bennett H. Brummer, Public Defender and Robin H. Greene, Asst. Public Defender and Larry Barocas, Legal Intern, for appellant.
Jim Smith, Atty. Gen. and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before BARKDULL, NESBITT and JORGENSON, JJ.
BARKDULL, Judge.
After a jury trial in which he represented himself the appellant was convicted, sentenced to 60 years and given a mandatory *1050 minimum of 3 years. The court also retained jurisdiction over the first one-third of his sentence and ordered him to make restitution of $5,000. We reverse. Rule 3.111(d)(5) Florida Rules of Criminal Procedure reads as follows:
(5) If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel.
The trial court at arraignment interrogated the defendant and apprised him of certain matters pertaining to the risk in representing himself and that the state would supply him with counsel if he could not afford it, but it did not apprise him of the fact that he was facing a potential minimum mandatory sentence or that the trial court might retain jurisdiction over one-third of any sentence it might impose. Notwithstanding the provisions of the rule, at the time of trial no interrogation was made on the waiver of counsel; however, at the time of sentencing counsel was reoffered and refused.
We find error in the trial court's failure to make proper inquiry at the time of trial and therefore will remand this case for a new trial. Carter v. State, 408 So.2d 766 (Fla. 5th DCA 1982); Machwart v. State, 222 So.2d 38 (Fla. 2d DCA 1969); Accord R.V.P. v. State, 395 So.2d 291 (Fla. 5th DCA 1981). Although not necessary to this decision we have serious doubt that the waiver in the first instance was knowingly made when the trial court failed to apprise the defendant of the potential sentences if he was convicted.[1]See and Compare: Watts v. State, 434 So.2d 23 (Fla. 3d DCA 1983); Green v. State, 406 So.2d 1148 (Fla. 1st DCA 1981); Polk v. State, 405 So.2d 758 (Fla.App. 1981).
Reversed and remanded with directions.
NOTES
[1] We take judicial notice that most defendants that represent themselves are found guilty.