SHIVERS, Judge.
Gerald Sampson appeals judgments of convictions and sentences on seven felony charges. Appellant contends the trial court erred (1) in allowing appellant to proceed in proper person without sufficient inquiry to determine whether he had made an intelligent waiver of counsel, and' (2) even if inquiry was sufficient, by failing to renew the offer of counsel on the day of trial. We reverse and remand.
Charges against appellant arose from an altercation on June 23, 1983, at Union Correctional Institution. Assistant Public Defender Frederick R. Replogle was appointed to represent appellant.
On October 10, 1983, the trial court designated Dr. William Lennon to examine Sampson for incompetency. Appellant, pro se, then filed a pleading seeking to withdraw any defense based upon insanity. On November 2, 1983, Dr. Lennon attempted to examine Sampson. He talked with Sampson for awhile, but Sampson refused to be examined. Dr. Lennon reported to the court that appellant appeared to be oriented in all spheres; that appellant may be paranoid; that appellant was functioning intellectually at the borderline of mental defectiveness, and that appellant did not appear to have sufficient ability to consult with his lawyer with a reasonable degree of rational understanding. Because of appellant Sampson’s resistance to examination, the doctor found it impossible to determine whether he was incompetent because of a mental disorder.
On the date set for trial, November 21, 1983, defense counsel Replogle, certifying conflict with Sampson, moved to withdraw from representation. Sampson, pro se, also sought counsel’s withdrawal. After interviewing Sampson, the trial court, calling it a close question, refused to allow appellant to represent himself. Accordingly, the court entered order denying Replo-gle’s motion to withdraw. Several other cases were set for trial that day and during a recess defense counsel went into a room in which Sampson was being held immediately adjacent to the courtroom. Sampson again expressed his displeasure with the representation of the public defender’s office. This included throwing a heavy metal chair at defense counsel Replogle, who so advised the court. Subsequently, the trial court requestioned Sampson regarding his desire to represent himself and determined *1182 that Sampson would be allowed to do so. The case was continued to November 28, 1983.
When trial commenced a week later, on November 28, the trial court did not renew the offer of counsel and announced that appellant would be representing himself without the services of a lawyer, at his request. The trial proceeded to its conclusion without any further offer of counsel.
Florida Rule of Criminal Procedure 3.111(d)(5) provides:
(5) If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel.
Under the circumstances, at the beginning of this trial on November 28, 1983, the trial court erred in not renewing its offer of counsel to appellant. Because of this, it is not necessary that we determine whether, at the earlier stage, the trial court made sufficient inquiry to determine whether appellant had made an intelligent waiver of counsel.
REVERSED and REMANDED for a new trial.
BOOTH, J., and TILLMAN PEARSON (Ret.), Associate Judge, concur.