486 So.2d 7 (1986)
Michael W. HARRELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-85.
District Court of Appeal of Florida, Third District.
February 25, 1986.
Rehearing Denied April 16, 1986.
Bennett H. Brummer, Public Defender, and Henry B. Rothblatt and Linda Ferroli Nelson, Fort Lauderdale, Sp. Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen., and Calvin L. Fox, Ass. Atty. Gen., for appellee.
Before HUBBART, BASKIN and JORGENSON, JJ.
PER CURIAM.
We affirm Harrell's conviction upon the following, briefly stated, legal analysis. (1) Prior to trial, the court conducted an inquiry in accordance with the standards established by the United States Supreme Court in Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The public defender's office was ordered to provide Harrell with standby counsel. In fact, Harrell did confer frequently with standby counsel, and standby counsel participated in the defense at trial. We conclude that, under these circumstances, the requirements of both Faretta and the provisions of Florida Rule of Criminal Procedure 3.111(d)(5) were satisfied. The continuous presence of standby counsel served as a constant reminder to Harrell of *8 his right to counsel.[1] (2) Harrell was not deprived of any right as a result of the trial court's decision to allow Harrell to represent himself together with standby counsel. See Jones v. State, 449 So.2d 253 (Fla.), cert. denied, ___ U.S. ___, 105 S.Ct. 269, 83 L.Ed.2d 205 (1984); see also Thomas v. State, 370 So.2d 1218 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1203 (Fla. 1980). (3) Harrell's claim that his fifth amendment rights were violated was not properly preserved for review. See Clark v. State, 363 So.2d 331 (Fla. 1978). (4) The admission of certain "expert" testimony, if erroneous, was harmless in view of the overwhelming evidence of guilt. See Jones, 449 So.2d at 262-63; Grala v. State, 414 So.2d 621 (Fla. 3d DCA 1982). (5) The evidence was sufficient to support the giving of the instruction on flight. See Hargrett v. State, 255 So.2d 298 (Fla. 3d DCA 1971). (6) The evidence was more than sufficient to support the judgment and conviction. See Sireci v. State, 399 So.2d 964 (Fla. 1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2257, 72 L.Ed.2d 862, reh'g denied, 458 U.S. 1116, 102 S.Ct. 3500, 73 L.Ed.2d 1378 (1982); Castro v. State, 472 So.2d 796 (Fla. 3d DCA 1985); see also Kaufman v. State, 429 So.2d 841 (Fla. 3d DCA 1983). (7) And, finally, the trial court did not err in imposing consecutive life sentences. Consecutive mandatory minimum sentences were not imposed in the instant case, and, therefore, Palmer v. State, 438 So.2d 1 (Fla. 1983), is inapplicable.
The judgments of conviction and sentences entered thereon are, accordingly, affirmed.
NOTES
[1] In Sampson v. State, 466 So.2d 1181 (Fla. 1st DCA 1985), a case relied upon by Harrell, the defendant was not provided with standby counsel. In addition, unlike in Sampson, where the defendant was reported to be "functioning intellectuaily at the borderline of mental defectiveness," the record reflects that Harrell is very intelligent and sophisticated in legal matters.