DAUKSCH, Judge.
This is an appeal from a conviction of manslaughter and armed extortion.
The evidence as viewed in a light most favorable to the judgment reveals that appellant put a pistol to the head of the victim and asked “where are my guns?” We deem the words and actions sufficient to constitute a threat to shoot (or kill) if the victim failed to give the appellant his guns back to him (which the victim had stolen).
We do not deem the words and actions sufficient to constitute a violation of the extortion statute, section 836.05, Florida Statutes (1985).
Threats; extortion — Whoever, either verbally or by a written or printed communication, maliciously threatens to accuse another of any crime or offense, or by such communication maliciously threatens an injury to the person, property or reputation of another, or maliciously threatens to expose another to disgrace, or to expose any secret affecting another, or to impute any deformity or lack of chastity to another, with intent thereby to extort money or any pecuniary advantage whatsoever, or with intent to compel the person so threatened, or any other person, to do any act or refrain from doing any act against his will, shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. [Emphasis supplied].
Here there was no malicious threat to do anything forbidden by the statute. The threat was to do violence only if the victim refused to give back the guns he had stolen. It is not unlawful to threaten a burglar to require him to leave, or to threaten an assaulter to require him to desist, or to threaten a thief, as here, to require him to return the stolen property.
*1145 We hasten to add, however, that the jury verdict and conviction of the manslaughter which resulted from the armed aggressive act and threat is supported by the evidence. The force used was clearly excessive and the elements of manslaughter were adequately proved. There is a limit to the violence a person can use in protecting himself and his property and we emphasize that the use of deadly force is rarely justified legally.
The armed extortion is reversed, the conviction of manslaughter is affirmed.
AFFIRMED in part; REVERSED in part.
UPCHURCH, C.J., concurs.
SHARP, J., concurs specially with opinion.