535 So.2d 698 (1988)
Walter LAMB, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2117.
District Court of Appeal of Florida, First District.
December 28, 1988.
Michael E. Allen, Public Defender and Kathleen Stover, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and A.E. Pooser, IV, Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
Walter Lamb appeals his conviction for simple battery. The issue is whether the trial court committed reversible error by failing to renew offer of counsel before trial when three weeks prior to trial the court granted Lamb's motion to withdraw court-appointed counsel and allowed Lamb to represent himself. We hold that the lower court did not err, and we affirm Lamb's conviction.
Lamb was charged with aggravated battery and removing a child beyond state limits in violation of a court order. He filed a pretrial motion to have his court-appointed counsel withdrawn and to allow self-representation. The trial court concluded that Lamb was competent and able to represent himself and allowed the court-appointed attorney to withdraw. Three weeks later Lamb represented himself at trial where the court, sua sponte, granted a motion for judgment of acquittal on the count charging Lamb with removing the child beyond state limits. A jury subsequently returned a verdict of guilty on the lesser included offense of simple battery for the remaining charge. At disposition, the trial judge renewed the offer of counsel which appellant waived orally and later signed an acknowledgment of rights form limited to the disposition stage. The court denied Lamb's motion for new trial.
Lamb argues that the court committed reversible error by failing to renew the offer of counsel prior to the trial held three weeks later, as mandated by rule 3.111(d)(5) (1987), citing Sampson v. State, 466 So.2d 1181 (Fla. 1st DCA 1985) rev. den. 476 So.2d 675 (Fla. 1985) (failure to renew offer of counsel at trial held one week after counsel was waived amounted to reversible error).[1] We disagree.
Fla.R.Crim.P. 3.111(d)(5) provides that "if waiver of counsel is accepted at *699 any stage of the proceedings the offer must be renewed at each subsequent stage of the proceedings at which the defendant appears without counsel." Trial in every case is a critical stage. Enrique v. State, 408 So.2d 635 (Fla. 3d DCA 1981) rev. den. 418 So.2d 1280 (Fla. 1982); R.V.P. v. State, 395 So.2d 291 (Fla. 5th DCA 1981); Machwart v. State, 222 So.2d 38 (Fla. 2d DCA 1969). A trial court commits reversible error if its does not renew at the beginning of a trial its offer of counsel to a defendant who in a prior stage of the proceedings was given permission by the court to represent himself. Felton v. State, 438 So.2d 1049 (Fla. 3d DCA 1983).
The trial court satisfied the requirements of rule 3.111(d)(5). The pretrial hearing on the waiver of counsel addressed Lamb's competence and ability to appear pro se at the trial stage, and the fact that the trial occurred three weeks later is immaterial. The rule does not place a time limitation on an offer and waiver of counsel. Since there was no change in that critical stage, rule 3.111(d)(5) does not come into play and no error occurred.
Accordingly, we AFFIRM Lamb's conviction for simple battery.
JOANOS and WIGGINTON, JJ., concur.
NOTES
[1] In Sampson, the defendant was "functioning intellectually at the borderline of mental defectiveness." 466 So.2d at 1182. Faced with obvious incompetence and inability of the defendant to represent himself, it was an abuse of the trial court's discretion to allow self-representation. This court did not need to address the issue concerning whether the trial court erred in violation of rule 3.111(d)(5).