578 So.2d 27 (1991)
George B. CHESTNUT, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1025.
District Court of Appeal of Florida, Fifth District.
April 11, 1991.
George B. Chestnut, Olustee, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David S. Morgan, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, W., Judge.
George Chestnut appeals pro se from a final order rendered February 22, 1990, denying his motion to correct an illegal sentence. An examination of the record shows that the trial court actually granted Chestnut's motion by scheduling a resentencing for February 22, 1990, and by reducing Chestnut's sentence from twenty to seventeen years, to fit within the presumptive guidelines bracket. In this appeal, Chestnut argues the trial court erred by not appointing him counsel at the resentencing. We agree.
We choose to reach the merits of Chestnut's appeal, although he improperly appealed from the denial of his motion to correct sentence (which was granted) because *28 clearly he seeks review of the new sentence imposed. Additionally, the state has not demonstrated any prejudice due to Chestnut's mischaracterization of the order being appealed. Cf. Jones v. State, 423 So.2d 520 (Fla. 5th DCA 1982).
Initially, Chestnut received concurrent twenty year sentences for armed manslaughter and armed extortion convictions. On direct appeal, his extortion conviction was reversed. See Chestnut v. State, 516 So.2d 1144 (Fla. 5th DCA 1987).
In Chestnut's post-conviction motion, he alleged a de facto departure sentence resulting from scoresheet errors. The state filed a response to the post-conviction motion, agreeing that the original scoresheet was incorrect, and alleging that defendant's proper guideline range was 12-17 years. The trial court granted that portion of defendant's post-conviction motion and scheduled resentencing.
At the conclusion of the hearing, the court sentenced defendant to seventeen years incarceration for the manslaughter conviction. The result of that resentencing forms the basis for this appeal.
At resentencing, Chestnut appeared without counsel. He did not allege indigency, request appointment of counsel, or move to represent himself. The following colloquy contained in the record is the only mention of Chestnut's self-representation:
THE COURT: Before the court is George Benjamin Chestnut, Jr., representing himself; is that correct, Mr. Chestnut?
THE DEFENDANT: Yes, Sir.
THE COURT: You don't have a lawyer?
THE DEFENDANT: No.
THE COURT: You don't wish to have a lawyer?
THE DEFENDANT: No, Sir.
Chestnut argues that the trial court erred by failing to consider appointment of counsel at resentencing. The state argues he waived any right to counsel by expressly saying he did not want to have one appointed. We think the issue here is whether the trial court took the proper steps to insure that Chestnut, in exercising his right of self-representation, knowingly and intelligently waived his right to counsel. Even if a defendant does not request appointment of counsel, this omission is not considered a knowing waiver of the right to counsel. See Fla.R.Crim.P. 3.111(d)(1); Singleton v. State, 344 So.2d 911 (Fla. 3d DCA), rev. denied, 354 So.2d 986 (Fla. 1977).
Sentencing is a critical stage in criminal proceedings. See Carter v. State, 408 So.2d 766 (Fla. 5th DCA 1982). Likewise, resentencing is a critical stage in which a defendant has the right to be present and has the right to assistance of counsel. The resentencing in the instant case was not merely for the correction of a clerical error. The trial court conducted a full hearing to determine the appropriate sentence within the applicable guideline range.
Inherent in the Sixth Amendment right to counsel is the right of self-representation. However, since an accused who manages his own defense relinquishes many of the traditional benefits associated with the right to counsel, a defendant who wishes to represent himself must knowingly and intelligently forego those relinquished benefits. See Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Smith v. State, 407 So.2d 894 (Fla. 1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2260, 72 L.Ed.2d 864 (1982); Schafer v. State, 459 So.2d 1138 (Fla. 5th DCA 1984). A defendant should be made aware of the dangers and disadvantages of self-representation so that the record will establish that he knows what he is doing and his choice is made "with his eyes open." Faretta, 95 S.Ct. at 2541.
In the case sub judice, the trial court failed to inquire as to Chestnut's mental condition, age, education, and experience to insure that he was making an intelligent and knowledgeable choice to represent himself and waive his right to counsel. See Fla.R.Crim.P. 3.111(d)(3); Johnston v. State, 497 So.2d 863 (Fla. 1986). Nor was Chestnut made aware of the dangers and disadvantages of self-representation. See Fla.R.Crim.P. 3.111(d)(2); Brevard County Board of County Commissioners *29 v. State, 516 So.2d 968 (Fla. 5th DCA 1987), rev. denied, 528 So.2d 1183 (Fla. 1988).
Accordingly, we vacate the sentence for manslaughter and remand for resentencing. On remand, the trial court should fully explain to Chestnut his right to counsel and the ability of the court to provide counsel if he is indigent. If Chestnut continues to insist on self-representation, the trial court should make the proper Faretta considerations.
We also note that the trial court, in imposing the seventeen year sentence for manslaughter, reimposed a concurrent seventeen year sentence for extortion. However, the extortion conviction was reversed on direct appeal to this court. The sentence for extortion is spurious, and we therefore strike it.
Sentence for extortion is STRICKEN; sentence for manslaughter VACATED; cause REMANDED for resentencing.
DAUKSCH and COBB, JJ., concur.