MICKLE, Judge.
Jeffrey E. Roberts (Appellant) appeals from a judgment and sentence on the ground that the trial court violated his state and federal constitutional rights 1) by failing to renew its offer of counsel at his jury trial and 2) by permitting Appellant to represent himself at trial without conducting an adequate inquiry into his waiver of counsel. We are constrained to reverse the judgment and sentence and remand for a new trial.
Appellant was charged by information with an aggravated assault with a deadly weapon. With the jury present in proceedings on May 14, 1993 before Judge # 1, Appellant announced, “I want to fire my attorney.” Outside the jury’s presence, the trial court heard Appellant’s complaints about the quality of representation by the assistant public defender, and the court specifically questioned counsel about Appellant’s allegations of ineffective assistance. The record supports the finding that Appellant failed to demonstrate any reasonable basis for discharging defense counsel. Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973) (inquiry and findings were necessary to address defendant’s pretrial motion to discharge court-appointed counsel). When the court denied Appellant’s subsequent request to serve as co-counsel with any other appointed attorney, Appellant asked to represent himself. The trial court then conducted a thorough inquiry pursuant to Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (defendant in state criminal trial has constitutional right to proceed without counsel upon voluntary and intelligent election to do so), and informed Appellant of his options of retaining present trial counsel or of representing himself. When Appellant reiterated his desire for self-representation, the trial court questioned him further and warned him of the hazards of self-representation. At the conclusion of the questioning, the court determined that Appellant had the requisite intelligence and capacity to represent himself, and that the waiver of counsel had been knowingly, volun *185 tarily, and intelligently made. Fla.R.Crim.P. 3.111(d); Faretta; Smith v. State, 546 So.2d 61 (Fla. 1st DCA), rev. den., 554 So.2d 1168 (Fla.1989). Judge # 1 declared a mistrial to afford Appellant an opportunity to prepare his case, and defense counsel was discharged.
In “motion and docket” proceedings before Judge # 2 five weeks later, on June 22, 1993, Appellant repeated his intent to represent himself despite the court’s warnings about the shortcomings and dangers of self-representation. His former counsel was present and, with Appellant’s permission, released findings from a psychological examination indicating that Appellant was “competent” and “capable” and suffering from no mental defect. The trial court conducted an additional inquiry into Appellant’s competency to represent himself and specifically questioned him about the nature of the charge, his prior involvement with the criminal justice system, and his knowledge and understanding of certain legal terms and court procedures. The court concluded that Appellant lacked the requisite knowledge for self-representation. Over Appellant’s objection, his former counsel was reappointed.
Three days later, at a June 25, 1993, pretrial conference before Judge # 3, the assistant public defender was listed as “counsel of record,” but Appellant again announced his wish for self-representation. After conducting further inquiry, the trial court found that Appellant could represent himself without trial counsel’s assistance. Jury selection was set for three weeks later.
On July 12, 1993, jury selection commenced with the announcement by Judge # 3 to the venire that Appellant had elected to represent himself and had been found competent to do so. No offer of counsel was made at this proceeding, and the jury was chosen without objection by Appellant.
At the onset of trial on July 14, 1993, the same judge told the jury that Appellant would be “representing himself.” After the prosecutor made an opening statement, Appellant asked, “I’d also like to know where my co-counsel is — Susan.” Susan is his former defense attorney’s name. The trial judge replied, “I don’t think you’ve got, really, a co-counsel in this case.” The court did not renew the offer of counsel, and Appellant continued to represent himself. Testimony was presented, closing statements were made, and .the jury returned a verdict of guilty as charged.
At the beginning of the actual trial, when Appellant affirmatively questioned his attorney’s whereabouts — “I’d also like to know where my co-counsel is — Susan”—this statement should have signalled to the trial court, at a minimum, that Appellant was confused as to whether he was entitled to counsel and whether he was represented by counsel at that time. The trial court should have stopped the proceedings at that point and conducted a Faretta inquiry.
Appellant and the state have acknowledged our opinion in Lamb v. State, 535 So.2d 698 (Fla. 1st DCA 1988), in which the trial court granted the defendant’s motion to withdraw court-appointed counsel three weeks prior to trial after concluding that the defendant was competent and able to represent himself. Citing the failure to renew the offer of counsel again before trial, the defendant alleged reversible error in the trial court’s permitting him to represent himself. We concluded in Lamb that the lower tribunal had satisfied Florida procedural requirements because “[t]he pretrial hearing on the waiver of counsel addressed Lamb’s competence and ability to appear pro se at the trial stage, and the fact that the trial occurred three weeks later is immaterial.” Id. at 699. The ease at bar is unlike Lamb, in that Appellant Roberts, at the beginning of trial, affirmatively evidenced his confusion as to whether or not he was represented by counsel at that time. This confusion should have triggered further inquiry by the trial judge. Therefore, given the factual differences between Lamb and the case at bar, we decline to accept the state’s position that Lamb is controlling and compels an affirmance.
Accordingly, we are constrained to REVERSE the judgment and sentence and to REMAND the cause for a new trial.
BOOTH, J., concurs.
VAN NORTWICK, J., concurs in result with opinion.