VAN NORTWICK,
Judge, concurring in result.
I concur with the result in this case. I write separately because I conclude that a reversal is required in the present case by Traylor v. State, 596 So.2d 957 (Fla.1992), without regard to whether the Appellant, while unrepresented, placed the trial court on notice that his waiver of a right to counsel may not be knowing by specifically inquiring prior to the onset of trial about his “co-counsel.” [1]
In Traylor, the Florida Supreme Court ruled that under the Counsel Clause contained in section 16 of the Florida Constitution,[2] a criminal defendant “is entitled to decide at each crucial stage of the proceedings whether he or she requires the assistance of counsel” id. at 968; that “[a]t the commencement of each such stage an unrepresented defendant must be informed of the right to counsel and the consequences of waiver” id.; and that “[w]here the right to counsel has been properly waived, the state may proceed with the stage in issue; but the waiver applies only to the present stage and must be renewed at each subsequent crucial stage where the defendant is unrepresented.” Id.
In the present case, the Appellant, who was representing himself, was not informed of his right to counsel or consequences of waiver and did not make a knowing, intelligent, and voluntary waiver of his right to counsel either at the commencement of jury selection on July 12 or at the commencement of trial on July 14. Jury selection and trial are each a crucial stage of the criminal proceeding in that, as defined by the Traylor court, each is obviously a “stage that may significantly affect the outcome of the proceedings,” id.; see also, Allen v. State, 199 Ga.App. 365, 405 S.E.2d 94, 97 (1991) (selection of jury recognized as a separate stage for which defendant had right to be present); Horton v. State, 170 So.2d 470, 472 (Fla. 1st DCA 1964) (arraignment, trial, and conviction recognized as separate “critical stages” requiring offer of counsel), cert. denied, 174 So.2d 33 (Fla.1965).
As a result, while I agree fully with the majority that the Appellant’s question at the outset of trial, “I’d also like to know where my co-counsel is — Susan,” signalled to the trial court Appellant’s confusion concerning the waiver of his right to counsel, I would hold that under Traylor, whether or not the Appellant inquired about his “co-counsel,” the trial court erred in not advising Appellant of his right to counsel prior to jury selection and again prior to the evidentiary portion of the trial and in not obtaining a waiver at each stage if Appellant elected to continue representing himself. See also, Pall v. State, 632 So.2d 1084 (Fla. 2d DCA 1994), and Jones v. State, 650 So.2d 1095 (Fla. 2d DCA 1995) (trial court erred when it failed either before voir dire or before evi-dentiary portion of trial to renew offer of counsel to unrepresented defendant).

. I also agree with the majority that this case is clearly distinguishable from this court’s opinion in Lamb v. State, 535 So.2d 698 (Fla. 1st DCA 1988). I read Lamb narrowly as holding that the trial court can satisfy the requirement to provide notice of the right to counsel at the trial stage of a proceeding by addressing the offer of counsel and waiver under Fla.R.Crim.P. 3.111(d)(5) at a pretrial hearing when no other stages occur between the hearing and the trial stage. To the extent that the Lamb holding is read more broadly, as argued here by the state, in my opinion Lamb would have been overruled sub silencio by Traylor.

. Section 16 of the Florida Constitution provides in part:
In all criminal prosecutions the accused shall, upon demand, ... have the right ... to be heard in person, by counsel or both....
Art. I, § 16(a), Fla. Const.