677 So.2d 264 (1996)
STATE of Florida, Petitioner,
v.
Jeffrey Ely ROBERTS, Respondent.
No. 85909.
Supreme Court of Florida.
May 23, 1996.
Rehearing Denied July 23, 1996.
Robert A. Butterworth, Attorney General; James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Daniel A. David, Assistant Attorney General, Tallahassee, for Petitioner.
Nancy A. Daniels, Public Defender and Carl S. McGinnes, Assistant Public Defender, Second Judicial Circuit, Tallahassee, for Respondent.
GRIMES, Chief Justice.
We have for review Roberts v. State, 655 So.2d 184 (Fla. 1st DCA 1995), which expressly and directly conflicts with the opinions in Watts v. State, 593 So.2d 198 (Fla.), cert. denied, 505 U.S. 1210, 112 S.Ct. 3006, 120 L.Ed.2d 881 (1992), and Hardwick v. State, 521 So.2d 1071 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 185, 102 L.Ed.2d 154 (1988). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Roberts was charged by information with aggravated assault with a deadly weapon. At trial, with the jury present, Roberts announced *265 his desire to discharge the assistant public defender. Without the jury present, the trial court heard Roberts' complaints regarding the quality of his lawyer's representation. The court denied Roberts' request to appoint a new attorney because Roberts had failed to demonstrate any reasonable basis for discharging the public defender. Roberts' request to serve as co-counsel also was denied. Roberts then requested permission to proceed pro se. After conducting a Faretta[1] inquiry and warning Roberts of the hazards of self-representation, the court determined that Roberts was capable of self-representation and that his waiver of counsel had been made knowingly, voluntarily, and intelligently. The judge then discharged the public defender. To provide Roberts with the opportunity to prepare his case, the judge declared a mistrial.
During pretrial proceedings before a successor judge, Roberts repeated his intent to proceed pro se despite additional warnings from the court about the hazards of self-representation. After conducting additional inquiry into Roberts' competency to represent himself and questioning Roberts about the nature of the charge, his prior involvement with the criminal justice system, and his knowledge and understanding of certain legal terms and court procedures, the court concluded that Roberts lacked the requisite knowledge to proceed pro se. Over Roberts' objection, the court reappointed the public defender.
When the case came before the court for a pretrial conference, a third judge was presiding. Roberts again announced his desire to represent himself. After conducting a further inquiry, the judge found that Roberts could represent himself without the assistance of counsel. When jury selection commenced, the judge announced to the venire that Roberts had elected to represent himself. The court made no further offers of counsel, and the jury was chosen.
After the prosecutor's opening statement at the trial, Roberts asked, "I'd also like to know where my co-counsel isSusan." The judge replied that Roberts did not have a co-counsel. The court did not renew the offer of counsel; Roberts continued to represent himself, and the jury returned a guilty verdict.
The district court of appeal reversed the judgment and sentence against Roberts and remanded the cause for a new trial on the ground that Roberts' confusion as to whether his original public defender was his co-counsel should have signalled the trial court to conduct another Faretta, inquiry.
The State now maintains, and Roberts concedes, that the district court erred in holding that the trial court was required to conduct a fourth Faretta inquiry hearing. We agree. Faretta inquiries are required where a defendant has made an unequivocal request for self-representation. Watts v. State, 593 So.2d 198 (Fla.), cert. denied, 505 U.S. 1210, 112 S.Ct. 3006, 120 L.Ed.2d 881 (1992); Hardwick v. State, 521 So.2d 1071 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 185, 102 L.Ed.2d 154 (1988). In the instant case, Roberts' request for co-counsel did not amount to an unequivocal request for self-representation.
Nevertheless, Roberts maintains that we should uphold the decision below because the court reached the correct result, albeit for the wrong reason. Roberts points out that the trial court failed to renew the offer of counsel as required by Florida Rule of Criminal Procedure 3.111(d)(5). We agree that under normal circumstances, rule 3.111(d)(5) requires a trial court to advise a pro se defendant of the right to counsel at each subsequent stage of trial. However, to apply the rule strictly in this case would produce an absurd result. Roberts had already caused a mistrial by deciding to represent himself during his first trial. In addition, Roberts had been given three Faretta hearings, and he opted to represent himself once again, even after the public defender's office had been reappointed. Had the trial court provided Roberts with counsel again at the beginning of the second trial, another postponement *266 would have occurred. The record reflects that Roberts clearly and repeatedly argued that he should be permitted to exercise his right to self-representation.
In Jones v. State, 449 So.2d 253, 257 (Fla.), cert. denied, 469 U.S. 893, 105 S.Ct. 269, 83 L.Ed.2d 205 (1984), the defendant argued that his unequivocal request for appointment of counsel during the guilt phase of his trial was erroneously denied by the trial court. The defendant's request occurred on the second day of trial, after the jury had been selected and the State had commenced its case. Id. The trial court advised the defendant that he had previously discharged his court-appointed counsel, refused other counsel, and chosen to exercise his right to represent himself after a proper inquiry. Id. In holding that the trial court properly exercised its discretion in refusing to permit the defendant to delay the proceedings further, we stated that the exercise of a defendant's right to self-representation "is not a license to abuse the dignity of the court or to frustrate orderly proceedings, and a defendant may not manipulate the proceedings by willy-nilly leaping back and forth between the choices." Id. at 259.
Roberts also urges this Court to uphold the decision of the district court of appeal on the basis that the Faretta inquiries were insufficient because they lacked a warning to Roberts that by waiving his right to counsel, he was also waiving his future right to collaterally attack his conviction pursuant to Florida Rule of Criminal Procedure 3.850. We find no merit in this argument.
Accordingly, we quash the decision below and remand the case with directions to reinstate the judgment and sentence.
It is so ordered.
OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Faretta v. California, 422 U.S. 806, 807, 95 S.Ct. 2525, 2527, 45 L.Ed.2d 562 (1975), provides that defendants in state criminal trials have a constitutional right to proceed without counsel so long as their choices are made voluntarily and intelligently.