PER CURIAM.
Appellant was convicted by a jury of battery on a law enforcement officer. We affirm the conviction.
The State charged that Eady, an inmate in the Leon County Jail, attacked a corrections officer who came to Eady’s cell and told him it was time to go to court. Eady initially was represented by the office of the public defender on this charge, but, under circumstances that are not clear from the record, that office apparently withdrew and private counsel was appointed.
Several months prior to trial, appellant, dissatisfied with his appointed counsel, asked to have yet another lawyer appointed. After conducting an inquiry into the quality of counsel’s representation, the trial judge, the Hon. Nikki Ann Clark, ruled that such representation had been competent, informed appellant that a new lawyer would not be appointed for him, determined that Eady wanted to represent himself, and then conducted a hearing in conformity with Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), State v. Cappetta, 216 So.2d 749, 750 (Fla.1968) cert. denied 394 U.S. 1008, 89 S.Ct. 1610, 22 L.Ed.2d 787 (1969), and Florida Rule of Criminal Procedure 3.111(d), after which she granted Eady’s request to represent himself.
Over the next several months, appellant filed motions for a continuance and to compel evidence. During a hearing, after which she had denied appellant’s motion for continuance, Judge Clark and appellant had the following exchange:
APPELLANT: So, what it boils down to, Ms. Clark, when you bring me back here and I go to yelling and screaming, are you going to take me out and put me back in jail?
THE COURT: Oh, you bet. If you are yelling and screaming, absolutely. I will not allow yelling and screaming in my courtroom.
APPELLANT: Well, I’m not going to trial. That is what it’s going to have to be.
THE COURT: Well, you may not yell and scream in my courtroom.
Appellant appeared for voir dire, but asked no questions of any potential juror, did not attend bench conferences, and told the court he would not participate. At trial, two days later, the trial court took up appellant’s motion for continuance, filed the day before, and the following exchange occurred outside the presence of the jury:
THE COURT: Is there anything further?
APPELLANT: No, there ain’t nothing further. I’m not going to trial and that is it.
THE COURT: Well, this motion for continuance is denied.
APPELLANT: You may tell your children what to do. You are not going to tell me what to do. You done sucked dick all your mother-fucking life. Now you want—
THE COURT: Well, having said all that, is there any reason I shouldn’t hold you in contempt of Court?
APPELLANT: You can do whatever you want to, but I’m not going to trial. You are not going to force me.
*754 The court found appellant in contempt of court, sentenced him to six months in the Leon County Jail, and ordered him removed from the courtroom. After the judge announced a 15-minute recess, appellant said to her: “You can kiss my ass, you stinking bastard.”
After the recess, Judge Clark again asked appellant if he wanted a lawyer and took his silence as a negative answer. She also told appellant that disruptive behavior would not be tolerated, and if it ensued, “I will remove you from the courtroom and we will have this trial without you.” The following exchange occurred:
APPELLANT: Well, just do that. Just do that where I won’t have to disrupt, because that is I plan on doing, [sic]
THE COURT: If you choose to remove yourself from this trial, you have an absolute right to do that. That is your choice. You may leave.
APPELLANT: That is what I’m going to do.
THE COURT: Then I do want the record to reflect — before I’m willing to allow you to remove yourself voluntarily, I want you to state for the record that is what you want to do.
APPELLANT: What I’m going to state for the record is that I’m not prepared to go to trial and I’m not going to participate in any trial. So you can call it what you want to call it.
THE COURT: Well, you have a right to participate. You have a right to be present. And as long as you are acting right, you can stay and participate in this trial. But, if you act foolish and disruptive, you may not stay and participate in this trial.
And I consider your disruptive behavior a strategic move to grant your continuance, which I have already denied.
The trial court added that appellant could remain so long as he “exercises proper decorum.” She remarked: “However, I will not accept Mr. Eady’s strategic move in order to get another continuance in this case. So I do intend to continue.” The following exchange then occurred:
THE COURT: Anything further, Mr. Eady?
APPELLANT: Yes, you can take me out now.
THE COURT: Pardon me?
APPELLANT. They can take me out of here now.
THE COURT: No. I need you to stay.
APPELLANT: I am telling you, I’m not going to be a part of it.
THE COURT: You need to stay.
After the jurors were sworn, the judge, in her preliminary remarks to the jury, commented: “Mr. Eady has chosen to serve as his own attorney in this matter. That’s Mr. Eady’s constitutional right to represent himself.” Whereupon appellant remarked: “Mr. Eady has also chosen not to proceed with this trial today because I’m unprepared. And Nikki Clark and you can shove this trial up your ass.” The judge thereupon ordered appellant removed from the courtroom.
Appellant was out of the courtroom during the opening statement and during most of the direct examination of the first witness, the victim. He was returned so that the victim could identify appellant as his attacker. The following exchange occurred:
THE COURT: Mr. Eady, you have been removed from the courtroom because you were disruptive. I wanted to invite you again to participate in this trial.
APPELLANT: Your honor, don’t bother me no more. I don’t want to be here. All right. I done told you. Just leave me alone.
THE COURT: Hush. Just hush. No, don’t you leave. I need you to stay in here.
Let the jury come in. And as soon as the jury has a chance to see Mr. Eady, whisk Mr. Eady out of here because he doesn’t want to participate.
Bring the jury in, please.
You stop acting like that.
APPELLANT: You stink. This whole place sucks.
THE COURT: You better hush your mouth.
APPELLANT: This is my life.
*755 THE COUET: It’s my court.
APPELLANT: You just run your court and leave me alone. You let white Frank Sheffield — [1]
THE COUET: Mr. Eady, you cannot be disruptive in this courtroom. I’m going to ask the bailiff to remove you if you don’t hush.
APPELLANT: I told you I don’t want to keep coming back. Why you keep bringing me back?
After the in-court identification, appellant was removed from the courtroom without further comment, and was not returned. The judge remarked:
Now, I do want the record to reflect that I’m not going to ask Mr. Eady to come back in here because of his disruptive behavior. He has cussed at the Court on numerous occasions. He has cussed the jury more than once. He has been so wholly disruptive that I believe his presence is going to thwart justice. And, for that reason, I’m not going to inquire any further if Mr. Eady wants to participate in this trial. I’m going to consider his disruptive behavior a voluntary removal and no participation in this trial.
Appellant did not return to the courtroom and the jury found him guilty as charged.[2] Appellant twice represented himself at sentencing hearings, stating that he did not want to be represented by an attorney.
Eady now claims that the trial court erred regarding his self-representation. We reject his arguments (1) that the Faretta inquiry was inadequate, (2) that the offer of new counsel was not renewed at each stage of the proceedings, (3) that his removal from the courtroom violated his constitutional right to representation, and (4) that the totality of the circumstances demands reversal. Only the third issue merits discussion.
It is settled law that a criminal defendant, “so long as he is mentally competent and sui juris,” has a constitutional right to represent himself. Kearse v. State, 605 So.2d 534, 538 (Fla. 1st DCA 1992) rev. denied 613 So.2d 5 (Fla.1993); see, also Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), State v. Cappetta, 216 So.2d 749, 750 (Fla.1968) cert. denied 394 U.S. 1008, 89 S.Ct. 1610, 22 L.Ed.2d 787 (1969). It also is settled that such a right, once properly invoked and granted, may be waived. See, e.g., Kearse; Myles v. State, 582 So.2d 71 (Fla. 3d DCA 1991), quashed on other grounds, 602 So.2d 1278 (Fla.1992).
In this instance, appellant, by asking to be removed from the courtroom and not to be returned, explicitly waived his right to participate in his trial. Moreover, it is apparent from the record that he did so deliberately in a calculated, if unsuccessful, effort to achieve a delay. It also is strongly inferential that by engaging in unprovoked obstreperous and insulting conduct that was certain to result in his removal from the courtroom, he was attempting to goad Judge Clark into committing reversible error.
Far from finding error, we applaud Judge Clark’s restraint in dealing with a defendant who used language that is vile even by today’s relaxed standards, and who attempted to manipulate the legal system by abusing procedures that were established to protect the interests of citizens charged with crimes. In State v. Roberts, 677 So.2d 264 (Fla.1996), the supreme court recently held that strict application of such procedures should be avoided when to do so would produce an “absurd result” and would reward a defendant who was attempting to “ ‘frustrate orderly proceedings_ ’” 677 So.2d at 265, 266; quoting Jones v. State, 449 So.2d 253, 257 (Fla.), cert. denied, 469 U.S. 893, 105 S.Ct. 269, 83 L.Ed.2d 205 (1984).
While we acknowledge that such an extraordinary circumstance as occurred here is undesirable, the situation was of appellant’s own making. We find it significant that, *756 other than to maintain that the trial court did not follow proper procedures regarding self-representation, he does not argue that his non-participation during voir dire was a deprivation of any constitutional right. There is no functional difference, however, between a defendant who announces he will not participate and then sits mutely at the counsel table, and one who is not present in the courtroom because of his own improper conduct.
While in the proper instance it may be the more prudent practice for the judge to appoint “standby counsel” to step in if the defendant cannot continue representing himself, it is not constitutionally required. Jones v. State, 449 So.2d at 257; see, also Behr v. Bell, 665 So.2d 1055 (Fla.1996). In Behr the supreme court stated that the office of public defender could be appointed to serve this function, and suggested that instances such as this one were the only times in which that procedure should be followed. In this instance, however, appellant had already, in his words, “got rid of’ his public defender prior to having outside counsel, and had no right to have another lawyer appointed, so standby counsel was not an available option.
Appellant, faced with a virtually defenseless ease,[3] concocted a trial “strategy” of attempting to delay his trial. Just as the state cannot impose legal counsel upon a competent defendant, it likewise cannot dictate what tactics and stratagems a pro se defendant should employ. Appellant’s absence from the courtroom was, in effect, the final part of his trial strategy, and he must now live with the consequences.
MINER and MICKLE, JJ., concur.
WEBSTER, J., dissents with opinion.

. Appellant’s appointed trial counsel.

. Our examination of the record discloses no error in the trial and no attempt by the prosecution to take advantage of appellant's absence. In fact the judge suggested that one member of the jury, who had friends in law enforcement and who had previously been a military policeman, be excused for cause. The State had no objection, and appellant’s only contribution was to reiterate that he did not wish to participate in voir dire.

. He apparently told his appointed counsel that he attacked the guard because he did not want to go to court and because the guard "was invading his space.”