PER CURIAM.
We reverse appellant’s conviction and sentence for indirect criminal contempt due to the trial court’s failure to renew the offer of assistance of counsel at trial as required by Florida Rtile of Criminal Procedure 3.111(d)(5). At his arraignment, for which we have no transcript, appellant requested, and the court permitted him, to represent himself. At the evidentiary hearing on the indirect criminal contempt charge approximately two weeks later, the trial court merely asked appellant if he was representing himself, to which appellant responded affirmatively. The court did not renew the offer of assistance of counsel.
Rule 3.111(d)(5) provides:
If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel.
The supreme court has held that “under normal circumstances, rule 3.111(d)(5) requires a trial court to advise a pro se defendant of the right to counsel” at each subsequent stage of the proceedings, but has noted that “a defendant’s right to self-representation ‘is not a license to abuse the dignity of the court or to frustrate orderly proceedings.’ ” State v. Roberts, 677 So.2d 264, 265-66 (Fla.1996) (emphasis supplied) (quoting Jones v. State, 449 So.2d 253, 259 (Fla.1984)).
Whereas application of Rule 3.111(d)(5) would have produced an absurd result in Roberts, we find this case more akin to Felton v. State, 438 So.2d 1049 (Fla. 3d DCA 1983). In Felton, the third district reversed based on the trial court’s failure to make the inquiry required by Rule 3.111(d)(5) at the time of trial, even though the court had advised the defendant of his right to counsel and the dangers of self-representation at arraignment. Id. at 1050; see also Morgan v. State, 504 So.2d 504 (Fla. 4th DCA 1987); Pall v. State, 632 So.2d 1084 (Fla. 2d DCA 1994). We therefore reverse and remand for a new evidentiary hearing on the charge of indirect criminal contempt.
WARNER, KLEIN and SHAHOOD, JJ., concur.