OWEN, WILLIAM C., Jr., Senior Judge,
concurring specially.
I concur because the material procedural facts in this case are indistinguishable from those in the Sproule case which I view as binding on us. But for that, I would have no hesitancy in deciding that no error was committed, or if error, it does not justify reversal in appellant’s case.
First, I think the language of Rule 3.111(d)(5), requiring the court to renew the offer of assistance of counsel “at each subsequent stage of the proceedings,” was intended to and must be construed as meaning “at each subsequent crucial stage of the proceedings,” with crucial stage being understood as any stage that may significantly affect the outcome of the proceedings. See Traylor v. State, 596 So.2d 957, 968 (Fla.1992). As noted, the three intervening hearings between the waiver of counsel and the commencement of trial involved matters that would not significantly affect the outcome. Thus, none were “a subsequent crucial stage of the proceedings,” thereby making the jury trial the next subsequent crucial stage after the waiver of counsel.
Second, I think a waiver of counsel made knowingly, intelligently and voluntarily, and accepted by the court after making the inquiry required by the rule, is not temporally circumscribed by or limited to- merely the instant in time when made. Instead, the waiver can and, should apply to the precise stage of the proceedings for which the waiver is expressly made applicable — in this case appellant’s jury trial. The fortuitous circumstance that the trial commenced nearly four months after the waiver, rather than the same day of the waiver, or the next day thereafter, or three weeks later (as in Lamb v. State, 535 So.2d 698 (Fla. 1st DCA 1988)), should have no bearing on the efficacy of the waiver absent an intervening withdrawal by the defendant.
Third, I think it is abundantly clear from the record in this case that the error was harmless beyond a reasonable doubt. Appellant was adamant that he wanted to represent himself, even eager to do so, and he was certainly extremely well prepared to do so. Had the court offered to appellant, every hour on the hour, the opportunity for court-appointed counsel, I think it clear appellant would have regularly and vehemently refused any such offers. Furthermore, it is difficult to see how the outcome of this case would have been different had appellant had the assistance of counsel. Appellant’s courtroom presentation, at least as it, appears on the cold record, was virtually flawless. There was only one problem, it not attributable to lack of assistance of counsel — the primary evidence against him (the testimony of the police officer who was an eye-witness to the event) was quite overwhelming.
Having said the foregoing, none of which may be of any consequence, there is one matter of importance that should not be buried by the inconsequential. If, as I have postulated — that it is only the crucial (or critical) stages of the proceedings which count — then there is no significant distinction to be made between this case and Lamb v. State, and the two are in direct conflict.