# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2591

_____

ANDREW ELSWICK,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Clay County.
Michael S. Sharrit, Judge.

December 10, 2018

RAY, J.

Andrew Elswick was convicted of aggravated battery with a deadly weapon after he stabbed someone with a knife during a drunken encounter. He was sentenced to twenty years in prison, with a fifteen-year mandatory minimum sentence as a habitual violent felony offender. In this direct appeal, he argues the trial court erred by finding him competent to stand trial and by failing to conduct an adequate *Faretta** inquiry before trial. For the reasons that follow, we affirm.

_____

* *Faretta v. California*, 422 U.S. 806 (1975) (holding that a criminal defendant has the right to represent himself, but the trial court has an obligation to ensure that the defendant's

*Facts*

Elswick's competency to proceed in his criminal case vacillated before trial. In late 2015, the trial court appointed a mental health expert to evaluate him at the suggestion of defense counsel. Consistent with the expert's recommendation, the court found him competent to proceed. The following year, defense counsel's concerns about Elswick's competency surfaced again, and Elswick was reevaluated. This time the experts concluded he was incompetent to proceed. He was adjudicated incompetent and committed to a mental health treatment facility. After a few months of treatment, the treatment facility issued its competency evaluation to the court, opining that Elswick's competence had been restored. The court held an evidentiary hearing on competency in late 2016. Faced with conflicting expert opinions, the court ultimately found Elswick competent to proceed. The case was reset for trial.

At a pretrial hearing in January 2017, Elswick indicated a desire to represent himself at trial. The trial court conducted a *Faretta* inquiry, ruled that Elswick had knowingly and voluntarily waived his right to court-appointed counsel, and appointed standby counsel. Further pre-trial hearings were held on April 3 and April 17, 2017, during which the court renewed the offer of counsel on multiple occasions and stressed the risks of proceeding pro se. Jury selection took place on April 24, 2017, and the trial began the next day. At jury selection and prior to opening statements, the trial court renewed the offer of counsel. During trial, the court twice asked Elswick if he wished to have the help of appointed counsel. After conferring with standby counsel, he rejected both offers. The jury ultimately found Elswick guilty as charged. After the verdict, he asked for counsel to be reappointed for sentencing.

*Analysis*

We first address Elswick's contention that the trial court erred by finding him competent to stand trial because the

waiver of court-appointed counsel is knowing, voluntary, and intelligent).

2

competency evaluation relied on by the State's expert was nearly three months old at the time of the competency hearing. He relies on *In re Commitment of Reilly*, 970 So. 2d 453, 455-56 (Fla. 2d DCA 2007), where the Second District held that a "stale," six-month-old competency report was not sufficient evidence to justify a finding that the defendant was incompetent to proceed, as it could not speak to the defendant's present mental state. *See also Washington v. State*, 162 So. 3d 284, 289 (Fla. 4th DCA 2015) (holding that trial court abused its discretion by relying on three competency reports ranging from six months to one year old). But here, the competency evaluation was only three months old, and the State's expert continued to observe Elswick for another month after the completion of the report so he would have been aware of any changes in Elswick's competency. And while there was a battle of the experts at the competency hearing, the court gave more weight to the State's expert based on his extensive interaction with Elswick, as compared to the defense expert who had only interviewed Elswick twice; the fact that the defense expert equated Elswick's implausible defense with delusional disorder, which the court rejected; and the court's personal observations and interactions with Elswick. We conclude that the trial court's competency determination is supported by competent, substantial evidence.

We next address Elswick's contention that the trial court erred by failing to conduct an adequate *Faretta* inquiry before allowing him to represent himself at trial. "Under *Faretta* and [Florida Supreme Court] precedent, once an unequivocal request for self-representation is made, the trial court is obligated to hold a hearing, to determine whether the defendant is knowingly and intelligently waiving his right to court-appointed counsel." *Tennis v. State*, 997 So. 2d 375, 378 (Fla. 2008). "For a criminal defendant's right to choose the manner of representation to be meaningful, this right 'must apply at least at each crucial stage of the prosecution,' which is 'any stage that may significantly affect the outcome of the proceedings.'" *Brown v. State*, 113 So. 3d 134, 141 (Fla. 1st DCA 2013) (quoting *Traylor v. State*, 596 So. 2d 957, 968 & nn.23-24 (Fla. 1992)). Accordingly, where a defendant has properly waived the right to counsel, the trial court may proceed with that stage of the proceeding without further offer of counsel, but the offer must be renewed at each subsequent crucial stage

where the defendant appears without counsel. *Traylor*, 596 So. 2d at 968; Fla. R. Crim. P. 3.111(d)(5). "Trial in every case is a critical stage." *Lamb v. State*, 535 So. 2d 698, 699 (Fla. 1st DCA 1988).

Elswick does not challenge the adequacy of the *Faretta* inquiry conducted during the pretrial hearing in January 2017, at which the trial court found that he knowingly and voluntarily waived his right to be represented by counsel at trial. Instead, he argues he was entitled to another full *Faretta* inquiry at the start of trial, which occurred approximately three months later. We disagree, and find the decision of *Knight v. State*, 770 So. 2d 663 (Fla. 2000), instructive.

In *Knight*, the defendant requested to represent himself at his upcoming trial on charges that included first-degree murder. 770 So. 2d at 664. The trial court conducted a full *Faretta* hearing at a pretrial hearing in October 1997 and found that the defendant had validly waived counsel for the guilt phase of his trial. *Id.* at 666. The defendant went to trial in March 1998 and was subsequently convicted and sentenced to death. *Id.* at 669. On appeal, the defendant argued the trial court reversibly erred by failing to renew the offer of counsel at the beginning of the trial. *Id.* In rejecting this claim, the supreme court noted the trial court did in fact renew its offer of counsel at the start of trial, but held it was not required to do so. The court explained its reasoning:

> First, the October 31 waiver was in regard to Knight's trial phase representation. As such, the beginning of the trial was not a subsequent stage of the proceeding. *See Lamb v. State*, 535 So. 2d 698 (Fla. 1st DCA 1988) (stating the pretrial hearing on the waiver of counsel addressed Lamb's competence and ability to appear *pro se* at the trial stage, and the fact that the trial occurred three weeks later is immaterial). Second, Knight had [court-appointed counsel] present as standby counsel during the entire guilt phase of the trial. Knight willingly accepted [court-appointed counsel] as standby counsel and consistently relied upon him. Standby counsel is a constant reminder to a self-representing

4

defendant of his right to court-appointed counsel at any stage of the proceeding. *See Harrell v. State*, 486 So. 2d 7 (Fla. 3d DCA 1986); *see also McCarthy v. State*, 731 So. 2d 778, 781 (Fla. 4th DCA 1999); *Mincey v. State*, 684 So. 2d 236, 238 (Fla. 1st DCA 1996). Accordingly, Knight's claim that the court erred by not renewing the offer of court-appointed counsel is without merit.

*Id.* at 669-70 (footnotes omitted).

Elswick, like the defendant in *Knight*, waived his right to counsel for the trial phase of his criminal prosecution after a full *Faretta* inquiry conducted at the January 2017 pretrial hearing. The court's advisories at that hearing fully anticipated and encompassed Elswick's trial phase representation, so the court was not obligated to conduct another full *Faretta* inquiry each time Elswick appeared in court during the trial phase. Further, Elswick willingly accepted and relied upon standby counsel throughout trial, a constant reminder of his right to court-appointed counsel.

The trial court also took additional steps to ensure that Elswick's decision to proceed without counsel was made "with eyes open." *See Potts v. State*, 718 So. 2d 757, 759-60 (Fla. 1998). After the initial *Faretta* inquiry, the court reiterated its offer of counsel to Elswick at two pretrial hearings, before jury selection, before opening statements, during trial when Elswick was having trouble properly entering his exhibits into evidence, and after the State rested. The court repeatedly explained the dangers of self-representation, and Elswick often rejected appointed counsel after consulting with standby counsel. We find no *Faretta* error in this case.

AFFIRMED.

ROBERTS and KELSEY, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Andy Thomas, Public Defender, and Megan Long, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Virginia Harris, Assistant Attorney General, Tallahassee, for Appellee.