IN THE SUPREME COURT OF TENNESSEE

AT KNOXVILLE

FILED

April 12, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | FOR PUBLICATION |
| | ) | |
| Plaintiff-Appellee | ) | FILED:  APRIL 12, 1999 |
| | ) | |
| v. | ) | KNOX COUNTY |
| | ) | |
| GERALD PATRICK SMALL | ) | HON. MARY BETH LEIBOWITZ, |
| | ) |  JUDGE |
| Defendant-Appellant | ) | |
| | ) | NO. 03-S-01-9804-CR-00038 |

For Appellant:

KENNETH F. IRVINE, JR.
Knoxville, TN

For Appellee:

JOHN KNOX WALKUP
Attorney General and Reporter

MICHAEL E. MOORE
Solicitor General

ELIZABETH T. RYAN
Assistant Attorney General
Nashville, TN

RANDALL E. NICHOLS
District Attorney General

WILLIAM J. BLEVINS
Assistant District Attorney General
Knoxville, TN

OPINION

AFFIRMED                                                    BIRCH, J.

We granted permission to appeal in this case in order to determine whether an accused who has intelligently and voluntarily waived the right to counsel and chosen to proceed pro se is constitutionally entitled to the assistance of advisory counsel.[1] We conclude that there is no such constitutional entitlement and that the appointment of such advisory counsel is a matter entirely within the discretion of the trial court. Here, the trial court declined to appoint advisory counsel. For the reasons below stated, we find the trial court's decision to be amply supported by the record and affirm the judgment of the Court of Criminal Appeals.

Gerald Patrick Small was indicted in 1993 on five counts of theft of property of a value over $10,000,[2] one count of theft of property of a value over $1,000, one count of attempted theft, and one count of securities fraud. A public defender was appointed to represent him. In March 1995, however, the defendant filed a "Motion to Change Counsel," in which he requested permission to

---

[1] The parties use the term "elbow counsel." We interpret "elbow counsel" to mean an attorney who functions in a purely advisory role, without actively participating in the trial. A pro se defendant who is permitted such counsel may consult counsel for guidance and advice, but otherwise handles the defense of the case on his or her own. Because we find the term "advisory counsel" to more accurately describe the role such an attorney plays, we will use that term in place of "elbow counsel." Another term commonly used in other jurisdictions is "standby counsel." We perceive "standby counsel" to mean counsel who is not actively participating in the trial but is available to step in and take over as counsel if called upon to do so by either the defendant or the trial court. We recognize that in the past, appellate courts have used the terms "elbow counsel," "advisory counsel," and "standby counsel" interchangeably. We now take the opportunity to clarify these terms for Tennessee.

[2] One of these counts was abandoned. The State requested an order of *nolle prosequi* prior to trial in one count.

represent himself, albeit with the aid of appointed counsel as advisory counsel. After considering the motion, the trial court concluded that it could either allow the defendant to proceed pro se or permit representation by appointed counsel who would handle all aspects of the trial, but that it could not allow both. Accordingly, the court relieved the public defender and permitted the defendant to conduct his own defense.

A synopsis of the convicting evidence reveals that the defendant solicited persons to invest into a company known as Patrick Industries, Inc. The defendant represented to prospective investors that Patrick Industries was a manufacturer and distributor of toothpaste and other personal hygiene products. In the newspaper advertisement soliciting investors, the defendant represented that the return on the investments could be as favorable as twenty to one. Two persons each invested $25,000. Three persons invested amounts of $5,000, $6,000, and $12,500, respectively. In return for their monies, each person received shares of stock in Patrick Industries.[3]

The bank records for Patrick Industries revealed that over fifty percent of the solicited funds were either spent on personal expenses for the defendant and his family or withdrawn from the company account by checks made out to "cash." Other funds were apparently spent on construction of an operations plant and

---

[3]Investors also received a copy of an invoice reflecting their ownership interest in a certain number of cases of toothpaste. The investors never planned to take actual possession of the toothpaste; instead, they were led to believe they would receive the profits from the sale of the toothpaste.

other business expenses.  Patrick Industries, however, never brought any product to market.  The State presented additional evidence that the defendant had been investigated in the past for similar schemes.  The jury convicted the defendant of five counts of theft and one count of fraud.  The trial court imposed a Range I effective sentence of ten years.

The defendant appealed his convictions and sentences, arguing that the trial court had improperly denied him the assistance of advisory counsel.  The Court of Criminal Appeals affirmed the defendant's convictions and sentences, concluding that there was no constitutional right to such counsel and that the trial court did not abuse its discretion by failing to appoint advisory counsel.

Whether a pro se accused is entitled to advisory counsel is a question of law, which we review de novo.  See State v. Davis, 940 S.W.2d 558, 561 (Tenn. 1997).

Both the United States and Tennessee Constitutions guarantee the right of an accused to self-representation or to representation by counsel.  U.S. Const. amend. VI; Tenn. Const. art. I, § 9; Faretta v. California, 422 U.S. 806, 807, 95 S. Ct. 2525, 2527, 45 L. Ed. 2d 562, 566 (1975); State v. Northington, 667 S.W.2d 57, 60 (Tenn. 1984).  The right to represent oneself, however, should be granted only after a determination by the trial court that the defendant is both knowingly and intelligently waiving the valuable right to assistance of counsel.  Tenn. R.

4

Crim. P. 44(a); Johnson v. Zerbst, 304 U.S. 458, 464-65, 58 S. Ct. 1019, 1023, 82 L. Ed. 1461, 1466-67 (1938); State v. Burkhart, 541 S.W.2d 365, 368 (Tenn. 1976). In fact, in cases where an intelligent, knowing waiver was not adequately shown in the record, the defendants' convictions have been reversed. See State v. Coleman, 519 S.W.2d 581 (Tenn. 1975).

The right to self-representation and the right to counsel have been construed to be alternative ones; "[t]hat is, one has a right either to be represented by counsel or to represent himself, to conduct his own defense." State v. Melson, 638 S.W.2d 342, 359 (Tenn. 1982). "[W]aiver of one right constitutes a correlative assertion of the other. . . . [A] criminal defendant cannot logically waive or assert both rights." Burkhart, 541 S.W.2d at 368 (quoting United States v. Conder, 423 F.2d 904, 908 (6th Cir. 1970)). One who knowingly and intelligently waives the right to counsel cannot later allege the deprivation of effective assistance of counsel. See State v. Goodwin, 909 S.W.2d 35, 41-42, 45 (Tenn. Crim. App. 1995).

This Court has previously addressed this issue in the context of "hybrid representation," that is, where both the defendant and counsel were permitted to participate in the defense. In Burkhart, we stated that such hybrid representation should be permitted "sparingly and with caution and only after a judicial determination that the defendant (1) is not seeking to disrupt orderly trial procedure and (2) that the defendant has the intelligence, ability and general competence to participate in his

5

own defense." <u>Burkhart</u>, 541 S.W.2d at 371. In discussing hybrid representation, we mentioned, in passing, the same variation on the issue of representation which is presented here: that is, permitting a defendant to conduct his or her own defense with an attorney present in an advisory capacity.[4] <u>Id.</u>

Subsequently, in <u>Melson</u>, we restated that "[t]he right of a defendant to participate in his own defense is an alternative one. . . . It is entirely a matter of grace for a defendant to represent himself and have counsel, and such privilege should be granted by the trial court only in exceptional circumstances." <u>Melson</u>, 638 S.W.2d at 359.

Other jurisdictions which have addressed the concept of advisory counsel almost universally agree that there is no federal or state constitutional right to such counsel once a defendant has knowingly and intelligently waived the right to counsel. Rather, the decision whether to appoint advisory counsel is within the discretion of the trial court.[5]

---

[4]The term used in the case was "elbow counsel."

[5]<u>See</u> <u>United States v. Kneeland</u>, 148 F.3d 6, 13 (1st Cir. 1998); <u>United States v. Einfeldt</u>, 138 F.3d 373, 378 (8th Cir. 1998), <u>cert. denied</u>, 119 S. Ct. 126 (1998); <u>United States v. Mikolajczyk</u>, 137 F.3d 237, 246 (5th Cir. 1998); <u>United States v. Singleton</u>, 107 F.3d 1091, 1100-03 (4th Cir. 1997), <u>cert. denied</u>, 118 S. Ct. 84 (1997); <u>United States v. Mosely</u>, 810 F.2d 93, 97-98 (6th Cir. 1987); <u>People v. Crandell</u>, 760 P.2d 423, 436 (Cal. 1988); <u>Reliford v. People</u>, 579 P.2d 1145, 1148 (Colo. 1978); <u>State v. Oliphant</u>, 702 A.2d 1206, 1212 (Conn. App. Ct. 1997); <u>Eady v. State</u>, 695 So. 2d 752, 755-56 (Fla. Dist. Ct. App. 1997); <u>Reviere v. State</u>, 498 S.E.2d 332, 335 (Ga. Ct. App. 1998); <u>People v. Redd</u>, 670 N.E.2d 583, 601 (Ill. 1996); <u>Parren v. State</u>, 523 A.2d 597, 599 (Md. 1987), <u>cited with approval in</u> <u>Harris v. State</u>, 687 A.2d 970, 973-74 (Md. 1997); <u>People v. Dennany</u>, 519 N.W.2d 128, 141 (Mich. 1994); <u>State v. Wilson</u>, 564 N.W.2d 241, 253 (Neb. 1997); <u>Harris v. State</u>, 942 P.2d

We noted in <u>State v. Franklin</u>, 714 S.W.2d 252 (Tenn. 1986) (also a hybrid representation case), that

> [o]ne of the most fundamental responsibilities of a trial court in a criminal case is to assure that a fair trial is conducted. Generally, the trial court, which has presided over the proceedings, is in the best position to make determinations regarding how to achieve this primary purpose, and absent some abuse of the trial court's discretion in marshalling the trial, an appellate court should not redetermine in retrospect and on a cold record how the case could have been better tried.

<u>Id.</u> at 258 (citation omitted).

The overall objective of every criminal trial is that the defendant receive a fair trial. The trial court, whose responsibility it is to ensure the orderly and fair progression of the proceedings, is in an excellent position to determine the legal assistance necessary to ensure a defendant's right to a fair trial.

151, 155 (Nev. 1997); <u>People v. Mirenda</u>, 442 N.E.2d 49, 51 (N.Y. 1982); <u>State v. Cummings</u>, 546 N.W.2d 406, 419 (Wis. 1996); <u>see also Wake v. Barker</u>, 514 S.W.2d 692, 696-97 (Ky. 1974)(holding that trial courts possess the power to appoint standby counsel); N.C. Gen. Stat. § 15A-1243 (1997)("When a defendant has elected to proceed without the assistance of counsel, the trial judge in his discretion may appoint standby counsel to assist the defendant when called upon and to bring to the judge's attention matters favorable to the defendant upon which the judge should rule upon his own motion."). <u>But see</u> <u>Commonwealth v. Africa</u>, 353 A.2d 855, 864 (Pa. 1976)("Whenever a defendant seeks to represent himself, and particularly when he may be disruptive, standby counsel should be appointed."); <u>State v. Sanders</u>, 237 S.E.2d 53, 54 (S.C. 1977)(holding that a defendant has a right to counsel even if he chooses to represent himself), <u>cited with approval in</u> <u>State v. Brewer</u>, 492 S.E.2d 97, 99 (S.C. 1997). <u>See generally</u> John S. Herbrand, Annotation, <u>Accused's Right to Represent Himself in State Criminal Proceeding - Modern State Cases</u>, 98 A.L.R.3d 13, § 24 (1980 & Supp. 1998).

7

This determination will depend, in part, upon the nature and gravity of the charge, the factual and legal complexity of the proceedings, and the intelligence and legal acumen of the defendant. See People v. Gibson, 556 N.E.2d 226, 233 (Ill. 1990). Thus, we hold that the decision whether to appoint advisory counsel to assist a pro se defendant rests entirely within the trial court's discretion. The trial court's decision on this issue will not be overturned in the absence of a clear abuse of that discretion.

In the case before us, the record amply demonstrates that the defendant was clearly advised of the pitfalls of self-representation. Even though he was informed prior to trial that he would not be furnished advisory counsel, he persisted in his request that he be allowed to represent himself.

Using the criteria established in United States v. McDowell, 814 F.2d 245 (6th Cir. 1987), the trial court determined that the defendant was aware of the nature of the charges against him and the possible sentence he was facing. He appeared to be intelligent and articulate. He informed the court of his familiarity with the rules of evidence and criminal procedure. Ultimately, he satisfied the trial court that his waiver of his right to counsel was a knowing and intelligent one.

The trial court indicated that it would have preferred to appoint advisory counsel to assist the defendant throughout the course of the trial. But believing that it lacked the authority,

8

it declined to appoint such counsel.  Our analysis, however, leads us to conclude that the trial court does, indeed, have such authority.  Even though the trial court did not believe it had such authority, the trial court's decision to deny advisory counsel in this case is amply supported by the record.

In conclusion, we hold that there is no constitutional right to the appointment of advisory counsel where a defendant has knowingly and intelligently waived the right to counsel.  Under the appropriate circumstances, however, the trial court has the discretion to appoint advisory counsel.  The trial court's decision in this regard will not be overturned absent an abuse of that discretion.  Accordingly, the judgment of the Court of Criminal Appeals is affirmed.  Costs are taxed against the defendant.

_____
ADOLPHO A. BIRCH, JR., Justice

CONCUR:

Anderson, C.J.
Drowota, Holder, Barker, JJ.