IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 23, 2010

## JOSHUA DUNN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Bradley County**
**No. M-09-189, M-09-190      Carroll Ross, Judge**

_____

**No. E2010-00600-CCA-R3-PC - Filed January 7, 2011**

_____

Pursuant to a plea agreement that he personally negotiated with the State, the Petitioner, Joshua Dunn, pleaded guilty to violating his probation, one count of especially aggravated robbery, one count of especially aggravated kidnapping, one count of conspiracy to commit aggravated robbery, and one count of arson. Pursuant to the terms of the agreement, all of the Petitioner's sentences were ordered to run concurrently for a total effective sentence of fifteen years at 100%. The Petitioner filed a timely petition for post-conviction relief and, after a hearing, the post-conviction court denied relief. In this appeal, the sole issue that the Petitioner raises is that his Trial Counsel's representation, or the Petitioner's self-representation, constituted ineffective assistance of counsel because the Petitioner pleaded guilty to especially aggravated kidnapping and especially aggravated robbery without seeing discovery regarding the extent of the victim's injuries. After our review, we affirm the post-conviction court's denial of relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Jerry Hoffer, Cleveland, Tennessee, for the appellant, Joshua Dunn.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Steven Bebb, Ditrict Attorney General; and A. Wayne Carter, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

On July 7, 2008, the attorney appointed to represent the Petitioner for one of his pending charges informed the trial court that he needed to withdraw because of a conflict of interest. When the trial court stated that it would reset the Petitioner's case, the Petitioner asked if he could speak to the State on his own.[1]

Later that day, the Petitioner negotiated a plea agreement with the State, waived his right to counsel, and pleaded guilty to violating his probation, one count of especially aggravated robbery, one count of especially aggravated kidnapping, one count of conspiracy to commit aggravated robbery, and one count of arson. The State agreed to dismiss one count of aggravated robbery, one count of aggravated burglary, and one count of theft under $500. Pursuant to the plea agreement, the Defendant was sentenced as follows: fifteen years as a Range I, violent offender for the especially aggravated robbery charge; fifteen years as a Range I, violent offender for the especially aggravated kidnapping charge; six years as a Range I, standard offender for the conspiracy to commit aggravated robbery charge; and eight years as a Range I, standard offender for the arson charge. All of the Petitioner's sentences were ordered to run concurrently for a total effective sentence of fifteen years at 100%.

Soon after the Petitioner pleaded guilty, he filed a motion to withdraw his guilty pleas.[2] Following a hearing on January 5, 2009, the trial court denied the Petitioner's motion. The Petitioner did not appeal the trial court's ruling.

On April 13, 2009, the Petitioner timely filed two petitions requesting post-conviction relief from his convictions for especially aggravated robbery, especially aggravated kidnapping, and conspiracy to commit aggravated robbery. Regarding his convictions for especially aggravated robbery and especially aggravated kidnapping, the Petitioner claimed that: (1) his guilty pleas were involuntary; (2) the State failed to disclose favorable evidence; (3) he was denied effective assistance of counsel; and (4) there was insufficient evidence to convict him. Regarding his conviction for conspiracy to commit aggravated robbery, the

---

[1] The Petitioner was represented by another attorney ("Trial Counsel") on some of his other pending charges. Trial Counsel was not in the courtroom when the Petitioner's case was called and, even after speaking with another attorney from Trial Counsel's firm, the Petitioner decided to waive his right to counsel and negotiate with the State himself. In a subsequent hearing, the trial court recalled that the Petitioner "kept insisting that [he] wanted to talk to the State on [his] own."

[2] During a court proceeding on July 21, 2008, the trial court mentioned a letter from the Petitioner that it decided to treat as a motion to withdraw his plea. However, it is not clear from the record when the Petitioner sent the letter, to whom the Petitioner sent the letter and when it was received, or what the letter said.

Petitioner asserted that: (1) his guilty plea was involuntary; (2) the State failed to disclose favorable evidence; and (3) he received an illegal sentence.

The Petitioner's post-conviction hearing was held on December 10, 2009. The Petitioner testified that he felt like his plea was not voluntary and explained, "My attorney [in general sessions court][3] had told me that the D.A. said if I didn't take the 20-year-plea that they would indict my wife and they could take our kids and stuff like that." However, he acknowledged that he successfully negotiated the original twenty-year offer down to a fifteen-year sentence and that his wife had not been indicted.

In his petition, the Petitioner claimed that the victim associated with his convictions for especially aggravated robbery and especially aggravated kidnapping did not sustain serious bodily injury. The Petitioner testified that he requested discovery from the State after he pleaded guilty and that the documents he received indicated that the victim "only suffered lacerations across his head." The Petitioner said that he asked his Trial Counsel to obtain discovery but that his Trial Counsel did not show him any. He also stated that, when he pleaded guilty, he had still not seen any discovery. However, he did admit that, when he was negotiating his plea agreement with the State, the prosecutor asked him if he wanted to see anything in the file, and he did not request anything. The Petitioner acknowledged that, at his preliminary hearing, the victim testified that the injuries he received in the robbery and kidnapping required him to receive numerous stitches on his ear and the back of his head.

The Petitioner testified that he had a previous burglary conviction and that he had prior experience with the criminal court system. When asked what he wanted the post-conviction court to do regarding his petition, the Petitioner responded, "Negotiate a better plea or turn it over so I can, I can go to trial and get a fair, and you know, a just way to trial." He later elaborated, "I feel that I should have been charged with an aggravated robbery and not especially aggravated."

The post-conviction court denied the Petitioner relief. In a written order, the post-conviction court found that the Petitioner had presented no evidence to show he was entitled to relief. The court further found that the issues were without merit and provided no basis to set aside the convictions.

**Analysis**

The sole issue that the Petitioner raises in this appeal is that his Trial Counsel's representation, or the Petitioner's self-representation, constituted ineffective assistance of

---

[3] The attorney that represented the Petitioner regarding the especially aggravated robbery and especially aggravated kidnapping charges in general sessions court was not Trial Counsel.

counsel because the Petitioner pleaded guilty to especially aggravated kidnapping and especially aggravated robbery without seeing discovery regarding the extent of the victim's injuries.

To sustain a petition for post-conviction relief, a petitioner must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. See Tenn. Code Ann. § 40-30-110(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, this Court will not reweigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction judge, not the appellate courts. See Momon, 18 S.W.3d at 156; Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). The post-conviction judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. See Momon, 18 S.W.3d at 156; Henley, 960 S.W.2d at 578.

The Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution guarantee a criminal defendant the right to representation by counsel. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Both the United States Supreme Court and the Tennessee Supreme Court have recognized that the right to such representation includes the right to "reasonably effective" assistance, that is, within the range of competence demanded of attorneys in criminal cases. Strickland v. Washington, 466 U.S. 668, 687 (1984); Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936.

A lawyer's assistance to his or her client is ineffective if the lawyer's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. This overall standard is comprised of two components: deficient performance by the defendant's lawyer and actual prejudice to the defense caused by the deficient performance. Id. at 687; Burns, 6 S.W.3d at 461. To demonstrate prejudice, a defendant must show "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The defendant bears the burden of establishing both of these components by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); Burns, 6 S.W.3d at 461. The defendant's failure to prove either deficiency or prejudice is a sufficient basis upon which to deny relief on an ineffective assistance of counsel claim. Burns, 6 S.W.3d at 461; Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

This two-part standard of measuring ineffective assistance of counsel also applies to claims arising out of a guilty plea. Hill v. Lockhart, 474 U.S. 52, 58 (1985). The prejudice

component is modified such that the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

In evaluating a lawyer's performance, the reviewing court uses an objective standard of "reasonableness." Strickland, 466 U.S. at 688; Burns, 6 S.W.3d at 462. The reviewing court must be highly deferential to counsel's choices "and should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462; see also Strickland, 466 U.S. at 689. The court should not use the benefit of hindsight to second-guess trial strategy or to criticize counsel's tactics, see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982), and counsel's alleged errors should be judged in light of all the facts and circumstances as of the time they were made, see Strickland, 466 U.S. at 690; Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

A trial court's determination of an ineffective assistance of counsel claim presents a mixed question of law and fact on appeal. Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). This Court reviews the trial court's findings of fact with regard to the effectiveness of counsel under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise. Id. "However, a trial court's conclusions of law—such as whether counsel's performance was deficient or whether that deficiency was prejudicial—are reviewed under a purely de novo standard, with no presumption of correctness given to the trial court's conclusions." Id. (emphasis in original).

The Petitioner asserts that his self-representation entitles him to post-conviction relief based on a claim of ineffective assistance of counsel. However, our supreme court has held "that when a defendant forfeits or waives the right to counsel, regardless of whether the waiver is explicit or implicit, he or she also forfeits or waives the right to effective assistance of counsel." State v. Carruthers, 35 S.W.3d 516, 551 (Tenn. 2000); see also Faretta v. California, 422 U.S. 806, 834 n.46 (1975) ("[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'"); State v. Small, 988 S.W.2d 671, 673 (Tenn. 1999) ("One who knowingly and intelligently waives the right to counsel cannot later allege the deprivation of effective assistance of counsel."); State v. Goodwin, 909 S.W.2d 35, 45 (Tenn. Crim. App. 1995) ("The Defendant waived his sixth amendment right to counsel when he chose to represent himself. He cannot now argue that he was deprived of effective assistance of counsel."). Thus, the Petitioner is not entitled to relief on this issue.

The Petitioner also claims that Trial Counsel, the attorney who had been appointed to the Petitioner before he decided to represent himself, was ineffective. See Carruthers, 35

S.W.3d at 551 n.31 ("[A] defendant retains the right to complain of ineffective assistance with respect to any stage of the proceeding wherein he or she was represented by counsel."). The Petitioner contends that his Trial Counsel did not provide him with discovery material regarding the extent of the victim's injuries and that the documents he requested and received after his guilty pleas indicated that the victim "only suffered lacerations across his head." The Petitioner asserts that the victim's injuries did not amount to "serious bodily injury"[4] and that, had he known that, he would not have pleaded guilty to especially aggravated robbery or especially aggravated kidnapping.

However, the Petitioner failed to establish by clear and convincing evidence that his Trial Counsel was deficient and that he was prejudiced by the alleged deficiency. The Petitioner did not present any proof besides his own uncorroborated allegations regarding the work Trial Counsel did on his case. Moreover, even if Trial Counsel were found to be deficient for failing to provide the Petitioner with discovery material, the Petitioner did not present clear and convincing evidence that he was prejudiced. The Petitioner admitted that when he was negotiating his plea agreement with the State, the prosecutor asked him if he wanted to see anything in the file, and he did not request anything. Thus, the Petitioner is not entitled to relief on this issue.

## Conclusion

Based on the foregoing authorities and reasoning, we affirm the denial of post-conviction relief.

_____
DAVID H. WELLES, JUDGE

---

[4] A required element of the offense of especially aggravated robbery is that "the victim suffers serious bodily injury." See Tenn. Code Ann. § 39-13-403(a)(2). "'Serious bodily injury' means bodily injury that involves: (A) A substantial risk of death; (B) Protracted unconsciousness; (C) Extreme physical pain; (D) Protracted or obvious disfigurement; or (E) Protracted loss or substantial impairment of a function of a bodily member, organ or mental faculty." Tenn. Code Ann. § 39-11-106(a)(34) (2006). We also note that serious bodily injury is not necessary for a conviction for especially aggravated kidnapping. See Tenn. Code Ann. § 39-13-305(a) (2006) ("Especially aggravated kidnapping is false imprisonment . . . (1) Accomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon; (2) Where the victim was under the age of thirteen (13) at the time of the removal or confinement; (3) Committed to hold the victim for ransom or reward, or as a shield or hostage; or (4) Where the victim suffers serious bodily injury.").