# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs January 16, 2013

## STATE OF TENNESSEE v. JOHN ALLEN HESSMER

**Appeal from the Criminal Court for Wilson County**
**No. 11-CR-540     David E. Durham, Judge**

---

**No. M2012-01079-CCA-R9-CD - Filed March 28, 2013**

---

The Defendant, John Allen Hessmer, appeals pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. The trial court denied the Defendant's request to proceed pro se during his pretrial hearings on the charges of aggravated burglary, arson of a structure, arson of personal property or real estate, harassment, and stalking. We reverse the judgment of the trial court and remand the case to the Criminal Court for Wilson County.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Criminal Court Reversed; Case Remanded**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J., and PAUL G. SUMMERS, SR. J., joined.

Comer L. Donnell, District Public Defender; and William K. Cather, Assistant Public Defender, for the appellant, John Allen Hessmer.

Robert E. Cooper, Jr., Attorney General and Reporter; Jennifer L. Smith, Associate Deputy Attorney General; Tom P. Thompson, Jr., District Attorney General; and Brian W. Fuller, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

At a hearing on pretrial motions, the trial court said that it wanted to place on the record information concerning an in-chambers hearing with the prosecutor and appointed defense counsel. The court said that during the hearing, defense counsel informed the court that the Defendant wished to represent himself on the pretrial motions or make his own arguments, direct his own questioning, and have counsel sit only as elbow counsel. Counsel

agreed that the court stated the Defendant's request accurately. The court said the Tennessee Supreme Court had filed an order stating it would not accept any further filings from the Defendant unless they were from counsel. The court said that it had also made clear it would not accept any filings from the Defendant unless they came through counsel.

The trial court said that because the Defendant was incarcerated and had not made bond, he could not "adequately defend himself" when he did not have the ability to interview witnesses and to communicate directly with the district attorney. The court said that it was important for everyone to follow the rules of procedure and evidence, that it was evident from the motions filed by the Defendant he was unaware of these rules, and that it would be impossible for the case to proceed in an "orderly and normal and constitutional fashion" without the Defendant being represented by counsel. After the court's explanation, the Defendant said, "May I make an objection, sir?" The court told the Defendant that if he spoke again, it would continue the hearing in his absence. The court denied the Defendant's request to argue his own motions. After the court denied the Defendant's request, the Defendant, through counsel, sought and obtained permission from the court to pursue an interlocutory appeal to this court, which granted the Defendant's application.

The Defendant contends that the trial court erred in denying his request to represent himself and that such error requires automatic reversal because it is a structural constitutional error. He argues that the court did not make the inquiry required by Rule 44 of the Tennessee Rules of Criminal Procedure and *State v. Hester*, 324 S.W.3d 1 (Tenn. 2010). He also argues that the court erred by focusing on the Defendant's lack of knowledge of the law and procedural rules and the logistical problems of the Defendant's representing himself while incarcerated. The State agrees that a criminal defendant has the right to represent himself and concedes that the court's rationale in denying the Defendant's request was error. The State contends, though, that the Defendant did not properly invoke his right to waive counsel and proceed pro se because the record contains no written waiver, no clear and unequivocal statement by the Defendant, and no explanation in the Defendant's brief as to why these elements are missing.

Regarding whether the Defendant properly invoked his right to proceed without counsel, Rule 44(b) requires a written waiver, not a written request for a waiver. According to the discussion at the hearing, the Defendant asserted his right to self-representation through counsel in the judge's chambers. The court stated that the Defendant "wished to represent himself on these motions or at least make his own arguments, to direct his own line of questioning and to have [counsel] just sit as elbow counsel." The court's explanation of the Defendant's request indicated that the Defendant wanted to represent himself, alone or with "elbow counsel." When the court denied his request, the Defendant attempted to object, but the court did not entertain the objection and warned the Defendant not to speak again.

The Defendant's request was clear and unequivocal. The court did not question the Defendant on the record as to whether the waiver was knowing or intelligent because it did not allow argument on the subject on the record. We conclude the Defendant did not waive the issue.

A criminal defendant has a right to be represented by counsel under both the United States and Tennessee Constitutions. U.S. Const. Amend. VI; Tenn. Const. art. I, § 9. A criminal defendant also has a Sixth Amendment right to proceed pro se. *Faretta v. California*, 422 U.S. 806, 819 (1975); *State v. Northington*, 667 S.W.2d 57, 60 (Tenn. 1984). In order to invoke the right to proceed pro se, a defendant must meet three requirements: 1) the defendant must timely assert the right to self-representation, 2) the request must be clear and unequivocal, and 3) the defendant must knowingly and intelligently waive the right to the assistance of counsel. *State v. Herrod*, 754 S.W.2d 627, 629-30 (Tenn. Crim. App.1988). Rule 44(a) of the Tennessee Rules of Criminal Procedure states that "[e]very indigent defendant is entitled to have assigned counsel in all matters necessary to the defense and at every stage of the proceedings, unless the defendant waives counsel." The rule requires that before accepting a waiver, the court must advise the Defendant of his right to counsel at all stages of the proceedings and determine whether there is a competent and intelligent waiver by questioning the Defendant about his background and experience. Tenn. R. Crim. P. 44(b)(1).

At the motion hearing, the Defendant requested to proceed pro se. In his brief, the Defendant requests this court to allow him to represent himself and to remand the case to the trial court for the pretrial motions and a trial, implying a request for a full waiver of counsel. The Defendant is not entitled to hybrid representation where both he and counsel take active roles in his representation. *State v. Small*, 988 S.W. 2d 671, 673 (Tenn. 1999). "The right to self-representation and the right to counsel have been construed to be alternative ones." *Id.* Our analysis relies upon the Defendant's request being for a complete waiver of counsel.

The parties agree that the trial court erred in finding the Defendant should not be permitted to represent himself based on its concern that he lacked understanding of substantive and procedural law and that the Defendant could not represent himself effectively and competently. "The accused's lack of expertise or professional capabilities is not a factor to be considered by the trial court when an accused invokes his constitutional right to self-representation." *Herrod*, 754 S.W.2d at 630 (citing *Faretta*, 422 U.S. 806; *Johnstone v. Kelly*, 808 F.2d 214 (2nd Cir. 1986)). A "defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation." *Faretta*, 422 U.S. at 835. "[T]he competence that is required of a defendant seeking to waive his right to counsel is the competence to *waive the right*, not the competence to represent himself." *Godinez v. Moran*, 509 U.S. 389, 399 (1993); *Hester*, 324 S.W.3d at 31. The

court's conclusion that the Defendant should not be permitted to exercise his right of self-representation based on its concern regarding his lack of understanding of substantive and procedural law and his ability to represent himself was error. We conclude that the trial court denied the Defendant's request to proceed pro se on an improper basis and did not follow the proper procedure in assessing whether the Defendant should be allowed to represent himself.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE