# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs February 5, 2013

## TOMMIE L. HILL, JR. v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-12-47      Roy B. Morgan, Jr., Judge**

**No. W2012-01472-CCA-R3-PC  - Filed April 17, 2013**

The petitioner, Tommie L. Hill, Jr., appeals the denial of his petition for post-conviction relief, arguing that he was denied the effective assistance of counsel at trial. Following our review, we affirm the judgment of the post-conviction court denying the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Joseph T. Howell, Jackson, Tennessee, for the appellant, Tommie L. Hill, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Alfred L. Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

From what we have gleaned from the sparse record on appeal, the petitioner was indicted by the Madison County Grand Jury for reckless endangerment, evading arrest, and two counts of aggravated assault based on his having fled in a vehicle from the police, reaching speeds of 85 to 100 miles per hour on a Jackson city street, and having then driven his vehicle toward two police officers, one of whom apparently shot the petitioner to avoid being struck by the vehicle. A hospital security camera apparently captured the petitioner's high-speed flight down a city street, but not the actions that formed the basis for the aggravated assault counts of the indictment. The petitioner subsequently pled guilty to the evading arrest and reckless endangerment counts and was tried and convicted by a jury of the

aggravated assault counts. He was represented by counsel at his arraignment but elected to proceed *pro se* at trial, with the trial court assigning his original trial counsel to act as his elbow counsel at trial and sentencing. He filed his direct appeal of the convictions *pro se*, and on May 25, 2011, this court entered an order dismissing the appeal based on the petitioner's failure to file an appellate brief in the case.

On February 23, 2012, the petitioner filed a *pro se* petition for post-conviction relief in which he raised a number of claims, including ineffective assistance of counsel. Post-conviction counsel was appointed, and an evidentiary hearing was held on July 9, 2012. At the beginning of the hearing, post-conviction counsel informed the court that he had issued subpoenas for videotape surveillance footage from an Exxon station and a Walgreens store that were in the vicinity of where the alleged assaults took place. He said he had received a response from the manager of the Walgreens stating that he did not have any of the surveillance videotape from the old building, which had been razed since the date of the petitioner's offenses. As for the Exxon surveillance tape, post-conviction counsel stated that he had had two subpoenas issued and served on the station, but no one had ever responded. He said he had informed the petitioner of the situation and offered to petition the court to continue the hearing and to issue a show cause order for the petitioner to obtain the tape, but the petitioner had instead asked that they proceed without it. Upon questioning by the post-conviction court, the petitioner affirmed that it was his wish to proceed with the evidentiary hearing rather than have the case continued and that he understood he was waiving any claim regarding the lack of the surveillance tape by his decision.

The petitioner testified that trial counsel represented him throughout the course of his reckless endangerment and evading arrest cases, in which he entered guilty pleas because he was guilty of the offenses. He said he became unhappy with her representation in the aggravated assault cases because he was not guilty of those offenses, but counsel kept trying to get him to "cop a plea" rather than investigating the facts as he asked her to do. The petitioner explained that counsel made no response and did nothing when he asked her to try to obtain any available surveillance tape of the alleged assault scene. The petitioner testified that since he had made that request of counsel, he had learned that she could have gotten surveillance footage from the Walgreens store and the Exxon station, as well as possibly from the police cars involved in the incident. The petitioner acknowledged that he had not seen any surveillance footage of the scene. He insisted, however, that the surveillance tapes from those businesses and/or the police vehicles would have shown what really happened that day, which was that he did not try to escape until after the police officer shot him and that the officer was standing to the side of his vehicle, instead of in front, when he drove off.

The petitioner also complained that counsel made no attempt to obtain the ballistics report of the incident, which, according to the petitioner, would have shown that the police

officer fired his gun at the petitioner while the officer was standing to the side of the petitioner's vehicle.

The petitioner testified that he proceeded *pro se* after the court allowed his counsel to withdraw from representation. The post-conviction court, which had also presided over the trial, then clarified for the record that the petitioner had requested that he be allowed to proceed *pro se* and that the court had allowed him to do so after having a discussion with him about how much assistance he might need at trial. The petitioner acknowledged that trial counsel was assigned as elbow counsel to assist him in obtaining discovery materials and to advise him on courtroom procedure. He complained that counsel, in addition to not helping him obtain the essential evidence already mentioned, failed to advise him to object to the State's introduction of the hospital surveillance videotape and the two guns that the police discovered in his possession after his arrest. The petitioner stated that neither the hospital surveillance tape, which showed a location different from the scene of the alleged assault, nor the fact that he had a gun in his pocket and another gun in his glove compartment was relevant to his aggravated assault charges and that their introduction prejudiced the jury against him.

The petitioner further complained that he was prejudiced by the fact that counsel made it clear to the jury that there was animosity between them by sitting at the far end of the table in the courtroom instead of beside him. He also claimed that he was prejudiced by the prosecutor's misstatement of the evidence in his closing argument to the jury. Finally, he testified that he was ineffective in his own representation because he did not really know or understand the law. As an example, he said that he made the mistake in closing argument of saying that any black man who tried to run over the police would be shot. In hindsight, he feared that that statement had made the jury believe he was a racist.

The post-conviction court denied the petition at the conclusion of the hearing, issuing oral findings of fact and conclusions of law, which it followed by a written order entered on July 10, 2012. Among other things, the court found that the advice given by counsel was "well within requirements of the law for elbow counsel"; that whether any videotape from the businesses ever existed, or, if so, whether it captured the aggravated assault scene, was purely speculative; and that the petitioner waived any objection to the State's introduction of evidence or the prosecutor's closing argument by not making a contemporaneous objection at trial or raising the issues in a motion for new trial or on appeal.
This appeal followed.

## ANALYSIS

The post-conviction petitioner bears the burden of proving factual allegations by clear

and convincing evidence. Tenn. Code Ann. § 40-30-110(f). When an evidentiary hearing is held in the post-conviction setting, the findings of fact made by the court are conclusive on appeal unless the evidence preponderates against them. See Wiley v. State, 183 S.W.3d 317, 325 (Tenn. 2006). When reviewing factual issues, the appellate court will not reweigh the evidence and will instead defer to the trial court's findings as to the credibility of witnesses or the weight of their testimony. Id. However, review of a trial court's application of the law to the facts of the case is *de novo*, with no presumption of correctness. See Ruff v. State, 978 S.W.2d 95, 96 (Tenn. 1998). The issue of ineffective assistance of counsel, which presents mixed questions of fact and law, is reviewed *de novo*, with a presumption of correctness given only to the post-conviction court's findings of fact. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001); Burns v. State, 6 S.W.3d 453, 461 (Tenn. 1999).

To establish a claim of ineffective assistance of counsel, the petitioner has the burden to show both that trial counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceeding. Strickland v. Washington, 466 U.S. 668, 687 (1984); see State v. Taylor, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that same standard for determining ineffective assistance of counsel that is applied in federal cases also applies in Tennessee). The Strickland standard is a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687.

The petitioner contends on appeal that his elbow counsel was deficient in her representation, thereby prejudicing the outcome of his case, because she did not help him obtain "exculpatory" surveillance videotape from the Walgreens store and Exxon station, failed to advise him to object to the State's introduction of the hospital surveillance tape and the guns, and neglected to advise him to introduce the ballistics report to show that the police officer's gunshots were fired from the passenger side of his vehicle. We respectfully disagree. "Elbow counsel" is "an attorney who functions in a purely advisory role, without actively participating in the trial. A *pro se* defendant who is permitted such counsel may consult counsel for guidance and advice, but otherwise handles the defense of the case on his or her own." State v. Small, 988 S.W.2d 671, 672 n.1 (Tenn. 1999). As the post-conviction court noted in its order, the petitioner has not met his burden of showing that any surveillance tape even existed, much less that it was exculpatory in nature. The petitioner also failed to

-4-

show the existence of any ballistics report or that, if it existed, it would have supported his claim that the police officer's bullets were fired from the side of his vehicle rather than the front. He has not, therefore, met his burden of showing that elbow counsel was deficient in her representation or that he was prejudiced as a result.

The petitioner also contends that he was ineffective in his own representation because of his unfamiliarity with the law. However, "when a defendant forfeits or waives the right to counsel, regardless of whether the waiver is explicit or implicit, he or she also forfeits or waives the right to effective assistance of counsel." State v. Carruthers, 35 S.W.3d 516, 551 (Tenn. 2000); see also Small, 988 S.W.2d at 673 ("One who knowingly and intelligently waives the right to counsel cannot later allege the deprivation of effective assistance of counsel."); State v. Goodwin, 909 S.W.2d 35, 45 (Tenn. Crim. App. 1995) ("The Defendant waived his sixth amendment right to counsel when he chose to represent himself. He cannot now argue that he was deprived of effective assistance of counsel."). We, therefore, conclude that the post-conviction court properly denied the petition for post-conviction relief.

## **CONCLUSION**

Based on the foregoing authorities and reasoning, we affirm the judgment of the post-conviction court denying the petition for post-conviction relief.

_____
ALAN E. GLENN, JUDGE